UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**BARBARA KUCINICH,**

   **Plaintiff,**

v.                                                CASE NO.: 5:24-cv-00171-JSM-PRL

**REGEN OCALA AND JEFFREY
L. PICCIRILLO,**

   **Defendants.**
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BARBARA KUCINICH, by and through undersigned counsel, brings this Complaint against Defendants, REGEN OCALA ("Regen"), and JEFFREY L. PICCIRILLO ("Dr. Piccirillo") in his individual capacity. In support of her claims, Plaintiff states as follows:

## JURISDICTION AND VENUE

1.   This is an action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., unpaid wages under Florida common law, breach of contract, the Florida Deceptive and Unfair Trade Practices Act, Section 501.201, Fla. Stat. ("FDUTPA"), and fraudulent misrepresentation.

2.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq., and supplemental jurisdiction under 28 U.S.C. § 1367

over the FDUTPA, unpaid wages, breach of contract, and fraudulent misrepresentation claims because they are so related to the FLSA claim that they form part of the same case and controversy under Article III of the United States Constitution.

3. Venue is proper in the Middle District of Florida, the Ocala division, because the events giving rise to these claims occurred in Ocala, Florida.

## PARTIES

4. Plaintiff is a resident of Palm Beach County, Florida.

5. Defendant Regen is a Florida limited liability company, doing business in Ocala, Florida.

6. Defendant Regen is a regenerative medicine practice and med spa. It engages in the business of regenerative medicine/medical aesthetics practice.

7. Defendant Piccirillo is the business owner of Defendant Regen. He owns and manages Defendant Regen.

8. Defendants employed Plaintiff in Ocala, Florida.

9. Defendant Piccirillo hired Plaintiff to work as a Nurse Practitioner.

10. Defendant Piccirillo was responsible for setting Plaintiff's wages and the terms and conditions of her employment.

11. Defendant Piccirillo controlled all facets of Plaintiff's employment, including all the duties Plaintiff was assigned to perform. Defendant Piccirillo

controlled the day-to-day activities of Defendant Regen. He made all hiring and employment decisions and exercised complete control over the wages of Plaintiff and the terms and conditions of Plaintiff's employment. In particular, Defendant Piccirillo was responsible for determining Plaintiff's rate of compensation, and had the authority, directly or indirectly, to modify Plaintiff's working conditions.

12. Thus, Defendant Piccirillo is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

13. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.

14. As part of her regular job duties for Defendants, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce.

15. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

16. At all times material hereto, Defendants Regen and Piccirillo were "employers" within the meaning of the FLSA.

17. Defendants continue to be "employers" within the meaning of the FLSA.

18. At all times material hereto, Regen was, and continues to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

19. At all times material hereto, the annual gross sales volume of Defendant Regen exceeded $500,000 per year. Thus, Regen was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

20. At all times material hereto, the work performed by Plaintiff was integral and essential to the business performed by Defendants.

21. Plaintiff has satisfied all conditions precedent, or they have been waived.

22. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

23. Plaintiff requests a jury trial for all issues so triable.

## FACTS

24. Plaintiff worked for Defendants from April 3, 2023 to May 30, 2023.

25. Defendant Regen opened for business and began admitting patients in early May 2023.

26. On or about February 28, 2023, Plaintiff was retained by Defendants pursuant to the attached employment agreement, drafted by Defendants,

memorialized as "Employment Agreement." *See* **Exhibit A**.[1]  The Agreement was between Plaintiff and both Defendants, and refers to Plaintiff being an employee of Defendant Regen "and/or" Defendant Piccirillo.  *See id.*

27. In exchange for Plaintiff' services, Defendants agreed to pay Plaintiff a base salary of $110,000, payable in equal bi-weekly installments. Exhibit A, ¶3(a).

28. Plaintiff relocated from West Palm Beach to Ocala for her job with Defendants.  Plaintiff relocated in reliance on Defendants' representation that she would be paid the $110,000 salary for her work.

29. Plaintiff left her job in West Palm Beach to work for Defendants.

30. Plaintiff incurred moving expenses of approximately $3,000, and a $4,036 penalty for breaking her lease.

31. At Defendant Piccirillo's insistence, Plaintiff also traveled to Arizona to take a training course. Defendant Piccirillo told Plaintiff he would help pay for the course, her travel, lodging, and expenses. He did not.

32. In recruiting Plaintiff for the job, Defendant Piccirillo told Plaintiff that he was licensed to practice medicine in Illinois and not yet licensed to practice medicine in Florida, despite opening a medical practice in Florida, because he initially did not intend to practice medicine in Florida. He led Plaintiff to believe he

---

[1] On information and belief, complete and executed copies of the Employment Agreement are in Defendants' possession, and will be obtained in discovery.

was pursuing his medical license in Florida and would be licensed when Regen started seeing patients.

33. Unbeknownst to Plaintiff, Defendants needed Plaintiff to work at Regen because she has an Autonomous Advanced Registered Nurse practitioner license. Defendant Piccirillo did not have a medical license in Florida.

34. Later, Defendant Piccirillo told Plaintiff that his medical license was not approved in Florida because he had been out of practice for too long.

35. Plaintiff then learned that this was a lie. Defendant Piccirillo's license was denied because of his prior misconduct.

36. Plaintiff learned, only after she was employed, that Defendant Piccirillo not only was *not* licensed in Florida to practice medicine, but also had not been practicing medicine for at least ten years. Plaintiff learned that Defendant Piccirillo's license had been revoked in other states because of sexual misconduct, professional incompetence, and unethical behavior.

37. Plaintiff fulfilled her obligations to Defendants and worked for Defendants full-time for two months.

38. Defendants failed to pay Plaintiff her salary.

39. For her eight weeks of work, Plaintiff, pursuant to the Employment Agreement, should have been paid $16, 920.00.

40. Plaintiff received three payments during her employment: one for $2,500 through Zelle on April 29, 2023, and two cash payments of $1,700, for a total of $5,900.

41. Defendants failed to pay Plaintiff all wages owed to her.

42. Plaintiff was not paid at least the applicable FLSA minimum wage for all the hours that she worked.

43. Plaintiff was not paid at least the applicable State of Florida minimum wage for all the hours that she worked.

44. By failing to pay Plaintiff any wages at all for any of the hours she worked between May 19, 2023 to her last day of work on May 30, 2023, Defendants failed to pay Plaintiff a minimum wage.

45. Defendants' actions were willful and showed reckless disregard for the provisions of the FLSA.

46. Plaintiff's unpaid salary constitutes "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

47. Defendants' failure to pay Plaintiff all of Plaintiff' wages was willful because Plaintiff repeatedly demanded that Defendants pay her, and Defendant repeatedly ignored the demands and/or refused to pay the Plaintiff what she is owed.

48. Defendants' failure to pay Plaintiff her $110,000 salary is a material breach of the Employment Agreement.

49. On information and belief, Defendants intentionally and fraudulently induced Plaintiff to work for Defendants under the deception that Defendant Piccirillo was a licensed medical practitioner in Florida or would be by the time the practice was treating patients. Defendants intentionally misled Plaintiff so that she would work for Defendants—allowing Defendants to rely on Plaintiff's Autonomous Advanced Registered Nurse practitioner license to operate the practice.

50. Additionally, Defendants used Plaintiff's Autonomous Advanced Registered Nurse practitioner license to open at least two vendor accounts, which remain open with unpaid balances.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

51. Plaintiff realleges and adopts the allegations of paragraphs 1 through 25 and 40 through 45 of this Complaint as though fully set forth herein.

52. During the statutory period, Plaintiff worked for Defendants, and she was not paid the applicable statutory minimum wage for all the hours she worked, as mandated by the FLSA.

53. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

54. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a)    Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages, computed at the applicable statutory minimum wage;

    b)    Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

    c)    An amount equal to Plaintiff's minimum wage damages as liquidated damages;

    d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e)    A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

    f)    All costs and attorney's fees incurred in prosecuting these claims; and

    g)    For such further relief as this Court deems just and equitable.

### COUNT II – BREACH OF CONTRACT UNDER FLORIDA COMMON LAW

55. Plaintiff realleges and adopts the allegations of paragraphs 1 through 9, 21 through 26, 37 through 41, 44, and 48 of this Complaint, as though fully set forth herein.

56. Defendants did not pay Plaintiff her base salary of $110,000, which was required under the contractual agreements executed by Plaintiff and Defendants.

57. Defendants' failure to pay Plaintiff constitutes a breach of contract.

58. As soon as Defendants entered into the contract with Plaintiff, Defendants' contractual duty to pay Plaintiff her base salary, according to the contract's terms, became absolute, and had to be paid by Defendant in order to avoid a breach of the contract.

59. As a result of Defendants' breach, Plaintiff suffered damages that were foreseeable at the time that the parties entered into the agreement, including but not limited to lost wages and benefits that Plaintiff would have earned under the agreement.

**WHEREFORE**, Plaintiff demand:

a) A jury trial on all issues so triable;

b) That process issue, and that this Court take jurisdiction over the case;

c) That this Court award Plaintiff damages for breach of contract;

d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

e) For such further relief as this Court deems just.

## COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW

60. Plaintiff realleges and adopts the allegations of paragraphs 1 through 9, 21 through 26, 37 through 44, and 46 through 48 of this Complaint, as though fully set forth herein.

61. During the statutory period, Plaintiff worked for Defendants, and Defendants agreed to pay Plaintiff for her services.

62. Defendants failed to pay Plaintiff all "wages" owed to Plaintiff.

63. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue, and that this Court take jurisdiction over the case;

    c) Judgment against Defendants for an amount equal to Plaintiff' unpaid back wages;

    d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

    e) For such further relief as this Court deems just.

## COUNT IV – FDUTPA

64. Plaintiff realleges and adopt the allegations of paragraphs 1 through 9, 24 through 41, and 49-50 of this Complaint, as though fully set forth herein.

65. By deceiving Plaintiff into believing she would be paid a base salary of $110,000 and then failing to pay Plaintiff, while exploiting her medical license and using it for their own gain, Defendants committed unconscionable acts and practices, and unfair and deceptive practices.

66. Defendants intentionally and fraudulently induced Plaintiff to work for Defendants under the deception that Defendant Piccirillo was a licensed medical practitioner in Florida or would be by the time the practice was treating patients. Defendants intentionally misled Plaintiff so she would work for them, thereby committing unconscionable acts and practices, and unfair and deceptive practices.

67. As a result of Defendants' unconscionable, unfair, and deceptive acts, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue, and that this Court take jurisdiction over the case;

    c)    Judgment against Defendants for an amount equal to Plaintiff's actual damages;

    d)    All costs and attorney's fees incurred in prosecuting these claims; and

    e)    For such further relief as this Court deems just.

## **COUNT V – FRAUDULENT MISREPRESENTATION**

68. Plaintiff realleges and adopt the allegations of paragraphs 1 through 9, 24 through 41, and 49-50 of this Complaint, as though fully set forth herein.

69. Defendants deceived Plaintiff into believing she would be paid a base salary of $110,000 and then failing to pay her, while exploiting her medical license and using it for their own gain.

70. Defendants intentionally and fraudulently induced Plaintiff to work for Defendants under the deception that Defendant Piccirillo was a licensed medical practitioner in Florida or would be by the time the practice was treating patients.

71. By engaging in the foregoing conduct, Defendants (1) made false statements concerning material facts; (2) knowing the representations were false; (3) intending that Plaintiff rely on the representations and act upon them, and (4) thereby caused injury to Plaintiff.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue, and that this Court take jurisdiction over the case;

    c) Judgment against Defendants for an amount equal to Plaintiff's actual damages;

    d)    All costs and attorney's fees incurred in prosecuting these claims; and

    e)    For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demand trial by jury as to all issues so triable.

Dated this 28th day of May, 2024.

        Respectfully submitted,

        */s/Ashwin R. Trehan*
        **Ashwin R. Trehan**
        Florida Bar No. 42675
        **Wenzel Fenton Cabassa P.A.**
        1110 N. Florida Avenue
        Suite 300
        Tampa, Florida 33602
        Main No.: 813-224-0431
        Direct No.: 813-774-3391
        Facsimile No.: 813-229-8712
        Email: atrehan@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of May, 2024, the foregoing was electronically filed using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Ashwin R. Trehan*
**ASHWIN R. TREHAN**